IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY F. ROBERTSON,

                Plaintiff,

    v.

STANDARD INSURANCE COMPANY,

                Defendant.

No. 3:14-cv-01572-HZ

OPINION & ORDER

Michael D. Grabhorn
Grabhorn Law Office, PLLC
2525 Nelson Miller Parkway
Suite 107
Louisville, KY 40223

John C. Shaw
Megan E. Glor
Megan E. Glor Attorneys at Law
621 SW Morrison St.
Suite 900
Portland, OR 97205

     Attorneys for Plaintiff,

Andrew M. Altschul
Buchanan Angeli Altschul & Sullivan LLP
321 SW 4th Ave.
Suite 600
Portland, OR 97204

Jacqueline J. Herring
Warren Sebastian von Schleicher
Smith, von Schleicher & Associates
180 N. LaSalle St.
Suite 3130
Chicago, IL 60601

     Attorneys for Defendant.

HERNÁNDEZ, District Judge:

     Plaintiff, Sherry F. Robertson, seeks legal and equitable damages from Defendant, Standard Insurance Company, under the Employee Retirement Income Security Act of 1974 (ERISA).  Defendant submitted a motion to change or transfer venue (Motion to Transfer) pursuant to 28 U.S.C. § 1404(a), requesting that this matter be transferred to either the Southern District of West Virginia or the Middle District of North Carolina.  For the following reasons, this Court denies Defendant's Motion to Transfer.

## BACKGROUND

     Plaintiff worked as a cytogenetic technologist for Wake Forest University Health Sciences (Wake Forest) in Winston-Salem, North Carolina for over 26 years.  As a benefit of her employment, Plaintiff obtained long-term disability (LTD) insurance coverage and life

insurance.  Plaintiff's LTD insurance and life insurance policies are, and were, underwritten, issued, and administered by Defendant.  Compl. ¶ 7.  Defendant does business within the state of Oregon as an insurer and its corporate offices are located in Oregon.  Id.

On March 7, 2012, Plaintiff ceased working for Wake Forest due to disability.  Id. at ¶ 11.  Plaintiff remains disabled and is unable to maintain any full-time gainful employment.  Id. From September 2012 through October 2013, Defendant agreed that Plaintiff was disabled and provided her with monthly income benefits and waived the premium on her life insurance.  Id. at ¶ 12.  However, in October 2013, Defendant determined that Plaintiff failed to establish that she continued to satisfy her insurance policies' definition of disabled.  Id. at ¶ 13.  Plaintiff appealed this decision to Defendant, but Defendant upheld its decision on appeal.  Id. at ¶ 20.  Defendant also required Plaintiff to apply for Social Security disability income (SSDI) benefits because Defendant was entitled to reduce the amount of Plaintiff's monthly income by the amount of income provided by SSDI benefits.  Id. at ¶ 15.  Towards this end, Defendant retained counsel to represent Plaintiff in her SSDI claim.  Id. at ¶ 16.  Defendant's counsel successfully demonstrated that Plaintiff was totally and permanently disabled from gainful employment and she was awarded SSDI.  Id.  Defendant then sought to recover from Plaintiff the amount of previously conveyed monthly income for which she received SSDI benefits.  Id. at ¶ 17.

In response, Plaintiff filed a complaint in the Western District of Kentucky, where her counsel resides.  Defendant moved to dismiss for improper venue and Plaintiff voluntarily dismissed her complaint.  On October 10, 2014, Plaintiff filed this case in the District of Oregon. Plaintiff alleges that Defendant breached its duty to Plaintiff under ERISA.  Id. at ¶ 33.

Now before this Court is Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).  Defendant requests that this case be transferred to the Southern District of West

Virginia or the Middle District of North Carolina. Defendant argues that the convenience of the parties and witnesses and the interest of justice favor transferring this case.

**STANDARDS**

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought[.]" The purpose of the 28 U.S.C. § 1404(a) is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal citation and quotation marks omitted).

A motion to transfer lies within the broad discretion of the district court, and must be determined on a case-by-case basis. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). However, the burden is on the moving party to demonstrate that the balance of conveniences favoring the transfer is high. The defendant must make "a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002).

Courts employ a two-step analysis when determining whether transfer is proper. First, a court must ask "whether the transferee district was one in which the action might have been brought by the plaintiff." Hoffman v. Blaski, 363 U.S. 335, 343–44 (1960). Second, if the moving party has made this threshold showing, courts may consider "individualized, case-by-case consideration[s] of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). A court may consider a number of factors including: (1) the plaintiff's choice of

forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) ease of access

to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of

consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court

congestion and time of trial in each forum.  Jones, 211 F.3d at 498–99; see also Benchmade

Knife Co. v. Benson, Civ. No. 08-967-HA, 2010 WL 988465, at *6 (D. Or. Mar. 15, 2010).

## DISCUSSION

This Court must first determine whether the case could have been brought in the forum to

which the moving party seeks transfer.  In this case, Plaintiff's Plan is administered in either

Portland or North Carolina.[1]  Defendant's alleged breach under ERISA took place in West

Virginia, where Plaintiff resides, received her benefits, and expected to continue to receive her

benefits.  See Smart v. Southwest Carpenters Pension Plan, No. 6:13-cv-02002-AA, 2014 WL

412568, at *1 (D. Or. Jan. 30, 2014) (Aiken, J.) (finding, on consideration of a motion to dismiss,

that Oregon was an appropriate venue under ERISA as "the breach took place in the District of

Oregon, where [plaintiff] expected to receive . . . retirement benefits.").  Under ERISA, both the

jurisdiction in which the plan is administered and the jurisdiction in which the breach occurred

are permissible venues.  29 U.S.C. § 1132(e)(2).  Additionally, Plaintiff does not dispute that

either the Southern District of West Virginia or the Middle District of North Carolina are

permissible forums.  Accordingly, the decision whether to grant Defendant's Motion to Transfer

is based on this Court's considerations of convenience and fairness.

---

[1] It is not entirely clear where the Plan is administered.  In her complaint Plaintiff states that "Standard Insurance Company is the . . . administrator of the insurance policies at issue in this lawsuit[,]" and that Standard "is, and was doing business within the State of Oregon as an insurer."  Compl. ¶ 7.  Additionally, Defendant admits that it "administers claims under the Group LTD Policy and Group Life Policy, and that it conducts business within the State of Oregon."  Def. Answer, ¶ 7.  However, in Defendant's Motion to Transfer, Defendant states that "Wake Forest administers its Plan and provides coverage for its North Carolina employees [in the Middle District of North Carolina.]"  Mot. to Transfer, 4–5.  This Court finds it unnecessary to resolve this issue for the purpose of ruling on Defendant's Motion to Transfer.

Several of the factors this Court would normally consider when analyzing a motion to transfer either have little relevance to this case or weigh equally in favor of both parties. First, as the law governing this case is federal, this Court presumes all federal courts have equal familiarity with the applicable law. Therefore, the familiarity of each forum with the applicable law does not factor into this Court's considerations. Second, in ERISA cases, "a district court may [generally] review only the administrative record when considering whether the plan administrator abused its discretion[.]" Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006). Therefore, considerations such as convenience of the witnesses[2] and ease of access to the evidence are minimal in this case. Third, this Court is not aware of any other related pending claims which may be consolidated with this matter. Finally, although Defendant has presented some evidence that the caseload in the Southern District of West Virginia and the Middle District of North Carolina may be lighter than in the District of Oregon, this Court does not find this evidence persuasive.

This Court notes that Defendant spends much of its Motion to Transfer discussing the case's "center of gravity" and "locus of operative facts," concepts which are derived from the Sixth Circuit Court of Appeals' iteration of factors to be used in determining the convenience of the parties and witnesses and the interests of justice. See e.g., Pharmerica Corp. v. Crestwood Care Ctr., L.P., No 3:12-cv-00511-CRS, 2013 WL 5425247, at *1 (W.D. Ky. Sept 26, 2013); Oakley v. Remy International, Inc., No. 2:09-0107, 2010 WL 503125, at *5 (M.D. Tenn. Feb. 5, 2010). This Court finds that these factors are encompassed within the factors explicitly considered by the Ninth Circuit Court of Appeals. Therefore, this Court will address the relevant

---

[2] This Court notes that both Plaintiff and Defendant have stated that—if they were to call witnesses—they would be located in Oregon or North Carolina and West Virginia respectively. However, neither party has specifically named any witnesses, and "if the transfer is for the convenience of witnesses, defendant must name the witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." Bohara v. Backus Hosp. Med. Benefit Plan, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) (citations omitted).

concerns raised by Defendant within this Circuit's framework. See Jones, 211 F.3d at 498–99;

see also Benchmade Knife Co., 2010 WL 988465.

I.    **Plaintiff's Choice of Forum**

Under ERISA, an action "may be brought in the district where the plan is administered,

where the breach took place, or where a defendant resides or may be found[.]" 29 U.S.C. §

1132(e)(2). With this provision, "Congress intended to give ERISA plaintiffs an expansive

range of venue locations." Bohara v. Backus Hosp. Med. Benefit Plan, 390 F. Supp. 2d 957, 960

(C.D. Cal. 2005) (citing Varsic v. U.S. District Court for the Central District of California, 607

F.2d 245, 248 (9th Cir.1979)). Accordingly, courts give significant deference to Plaintiff's

choice of forum in ERISA cases. Jacobson v. Hughes Aircraft Co., 105 F.3d 1288, 1302 (9th

Cir.) opinion amended on other grounds on denial of reh'g, 128 F.3d 1305 (9th Cir. 1997) and

rev'd on other grounds, 525 U.S. 432 (1999).

Defendant does not dispute that venue is proper in this District. However, Defendant

argues that while courts often give a plaintiff's choice of forum great weight, the weight given to

this consideration is substantially diminished when the plaintiff resides outside of the forum or

"where the plaintiff's chosen forum lacks any significant contact with the underlying cause of

action." Oakley, 2010 WL 503125, at *6. Plaintiff resides in West Virginia. Some, but not all,

of the contacts with the underlying cause of action took place in West Virginia and North

Carolina.

Even so, Plaintiff contends that the District of Oregon also has significant contacts with

the underlying cause of action. Specifically, Defendant is located in Oregon, Defendant executed

Plaintiff's insurance policy in Oregon, Defendant allegedly administered Plaintiff's claims in

Oregon, and factual evidence and potential witnesses are located in Oregon.

Defendant further argues that a plaintiff's choice of forum can be disregarded when "there is evidence of forum shopping."  Gupta v. Perez, 5:14-cv-01101 HRL, 2014 WL 2879743, at *3 (N.D. Cal. June 24, 2014).  Defendant notes that Plaintiff originally filed suit in the Western District of Kentucky in support of its contention that Plaintiff is "forum shopping." However, the fact that Plaintiff originally filed her claim in the district in which her counsel is located, the Western District of Kentucky, does not by itself demonstrate that Plaintiff is forum shopping.[3]  As noted above, ERISA allows Plaintiff to bring her case in this forum, and Plaintiff has provided ample reasons justifying her choice.

Accordingly, this Court finds that deference is due to Plaintiff's choice of forum.  This factor weighs in favor of this Court denying Defendant's Motion to Transfer venue.

## II.    Convenience of the Parties

First, this Court assumes that this forum is convenient for Plaintiff, given that Plaintiff chose to litigate here and has provided several legitimate reasons for why this forum is convenient.  Second, in its Motion to Transfer, Defendant fails to set forth how litigating this matter in this District is inconvenient.  Rather, Defendant notes that "[w]hile Standard's corporate headquarters is located in Oregon and the claim evaluation occurred in Oregon, the location of corporate headquarters is simply another factor to be weighed, and is not dispositive of the transfer analysis."  Mot. to Transfer, 14.  While the location of Defendant's corporate headquarters may not be dispositive, this Court fails to see how litigating in the home forum of its headquarters inconveniences Defendant.  Third, Defendant evaluated Plaintiff's claim in

---

[3] The "forum shopping" cases cited by Defendant are distinguishable because the underlying facts in those cases had little, if anything, to do with the forum in which the plaintiff sought to litigate.  See e.g., Gupta v. Perez, No. 5:14-cv-01102 HRL, 2014 WL 2879743, at *3 (N.D. Cal. June 24, 2014) (finding evidence of forum shopping where Plaintiff did not reside in the forum and the "material facts and events giving rise to plaintiff's claims" did not take place in the forum); Foster v. Nationwide Mut. Ins. Co., No C 07-04928 SI, 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) (finding evidence of forum shopping in a wage-and-hour class-action dispute in which no plaintiff resided in the forum).

Oregon and this case will be decided on the administrative record; therefore no party will be greatly inconvenienced by the need to produce or transport costly evidence. As such, this factor weighs in favor of denying Defendant's Motion to Transfer.

### III.    Local Interest in the Controversy

Defendant argues that West Virginia has an interest in ERISA claims impacting its residents. Defendant contends that North Carolina also has an interest in this claim because Plaintiff's employer and other Plan participants are located in North Carolina and have a substantial interest in the local resolution of disputes concerning Plan benefits. Furthermore, Defendant argues that allowing this Court to decide Plaintiff's case would subject the Plan to varying pronouncements in different jurisdictions "underm[ining] ERISA's goal of providing a low-cost administration of employee benefit plans." Smith v. Aegon Companies Pension Plan, 769 F.3d 922, 932 (6th Cir. 2014). In response, Plaintiff contends that this Court should look to "systemic integrity and fairness," and that these factors weigh in favor of this Court retaining jurisdiction over the case. Arete Power, Inc. v. Ricoh Corp., No. C 07-5167 WDB, 2008 WL 508477, at *3 (N.D. Cal. Feb. 22, 2008) (citing Jones, 211 F.3d at 499 n. 21 (9th Cir. 2000)).

This Court recognizes that West Virginia and North Carolina have a local interest in this case. However, the specific circumstances of Plaintiff's claim reduce the influence this finding has on this Court's consideration of whether to transfer venue. First, Oregon also has an interest in ERISA claims impacting companies who reside here, such as Defendant. Second, Plaintiff's dispute does not directly concern Plaintiff's past employer and Plan sponsor. Rather, the dispute involves Defendant's alleged breach of duty to Plaintiff under ERISA and Defendant's claim processes which are administered by Defendant in Oregon. Compl. ¶ 33. This being so, this case is distinguishable from other ERISA cases in which the defendant's actions affected all plan

holders, rather than a single plan member.  See e.g., Oakley, 2010 WL 503125, at *2 (finding a strong local interest in the state where nearly half of those affected by the termination of benefits and life insurance lived).  Third, as this case will be decided on the administrative record, it is unlikely that another court will be called upon to settle discovery disputes.  Therefore, this factor carries little weight in this Court's consideration of whether to grant Defendant's Motion to Transfer.

**IV.     Balance of the Factors**

After considering the factors regarding the convenience of the parties and witnesses and the interests of justice, this Court concludes that Defendant has not made a strong showing warranting a transfer of venue.

**CONCLUSION**

Based on the foregoing, I deny Defendant's motion to transfer venue [16].

IT IS SO ORDERED.

Dated this _____ day of _____, 2014.


_____
MARCO A. HERNÁNDEZ
United States District Judge