IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SHERRY F. ROBERTSON,

        Plaintiff,

    v.

STANDARD INSURANCE COMPANY,

        Defendant.

No. 3:14-cv-01572-HZ

OPINION & ORDER


Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223

John C. Shaw
Megan E. Glor
MEGAN E. GLOR ATTORNEYS AT LAW
621 SW Morrison St., Suite 900
Portland, OR 97205

    Attorneys for Plaintiff

Andrew M. Altschul
BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, OR 97204


1 – OPINION & ORDER

Jacqueline J. Herring
Warren Sebastian von Schleicher
SMITTH, VON SCHLEICHER & ASSOCIATES
180 N. LaSalle St., Suite 3130
Chicago, IL 60601

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

On September 30, 2015, this Court granted summary judgment to Plaintiff Sherry F. Robertson in her action against Defendant Standard Insurance Company under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. The Court found that Defendant abused its discretion when it terminated Plaintiff's long-term disability (LTD) insurance benefits and waiver-of-premium of a life insurance policy benefit. The Court directed Plaintiff to prepare a judgment, confer with Defendant, and submit the judgment to the Court for signature.

The parties were unable to reach agreement on a judgment. The purpose of this Opinion & Order is to provide clarification to the parties, primarily on the issue of the duration of the award of reinstatement of benefits. To the extent this Opinion & Order differs from the September 30, 2015 Opinion & Order, the present Opinion controls.[1]

Because Defendant's decision to terminate Plaintiff's "Own Occupation" benefits was an abuse of discretion, the Court orders retroactive reinstatement of Plaintiff's "Own Occupation" benefits from the time they were terminated to the time that they would have expired.

---

[1] All rulings of a trial court are "subject to revision at any time before the entry of judgment." United States v. Houser, 804 F.2d 565, 567 (9th Cir. 1986) (quoting Fed.R.Civ.P. 54(b)); see also United States v. Smith, 389 F.3d 944, 948 (9th Cir. 2004) (a district court may reconsider its prior rulings so long as it retains jurisdiction over the case).

Pannebecker v. Liberty Life Assur. Co. of Boston, 542 F.3d 1213, 1221 (9th Cir. 2008) ("[I]f an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the plan's provisions."); see also Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1163 (9th Cir. 2001) (stating that benefits should be reinstated where, but for the insurer's arbitrary and capricious conduct, the insured would have continued to receive the benefits).

However, because Defendant has not decided Plaintiff's case under the "Any Occupation" standard and the administrative record has not been adequately developed regarding the "Any Occupation" standard, the Court denies Plaintiff's request for reinstatement of benefits through the date of judgment. See Saffle v. Sierra Pac. Power Co. Bargaining Unit Long Term Disability Income Plan, 85 F.3d 455, 460 (9th Cir. 1996) (finding that the district court erred by ordering benefit payments beyond the initial 24–month disability period because the plaintiff never applied for general disability payments and her eligibility for the second-tier benefits was never considered by the "Benefit Committee"); see also Stout v. Hartford Life & Accident Ins. Co., 58 F. Supp. 3d 1020, 1031 (N.D. Cal. 2013) ("[E]ven if the [administrative record] did contain sufficient information to determine whether Plaintiff was disabled under the 'any occupation' standard, the Court would still lack the authority to make that determination. The Ninth Circuit has held that when a plan administrator abuses its discretion by terminating disability benefits under a specific disability standard, the reviewing court may only reinstate those benefits under the same standard."). Plaintiff fails to persuade the Court that Defendant previously investigated whether Plaintiff was disabled under the "Any Occupation" standard, as opposed to the less stringent "Own Occupation" standard.

The Court does, however, grant Plaintiff's request for the remittance of past due monthly benefits to include pre-judgment interest. "A district court may award prejudgment interest on an award of ERISA benefits at its discretion." <u>Blankenship v. Liberty Life Assurance Co. of Boston</u>, 486 F.3d 620, 627 (9th Cir. 2007). "The exercise of that discretion is to be guided by fairness and balancing the equities." <u>Perez v. Cozen & O'Connor Group Long Term Disability Coverage</u>, No. 07cv0837 DMS(AJB), 2008 WL 6693714, at *1 (S.D. Cal. Aug. 19, 2008) (citing <u>Shaw v. Int'l Ass'n of Machinists and Aerospace Workers Pension Plan</u>, 750 F.2d 1458, 1465 (9th Cir. 1985)); <u>Stone v. Bayer Corp. Long Term Disability Plan</u>, No. 08-CV-356-BR, 2010 WL 2595675, at *4 (D. Or. June 21, 2010).

"Among the factors to be considered in determining whether prejudgment interest should be awarded is the presence or absence of bad faith or ill will." <u>Landwehr v. DuPree</u>, 72 F.3d 726, 739 (9th Cir. 1995)). "[M]oney has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time t and not compensated until t + 1." <u>Hopi Tribe v. Navajo Tribe</u>, 46 F.3d 908, 922 (9th Cir. 1995) (internal citations omitted). Thus, an award of pre-judgment interest serves as an element of compensation rather than a penalty. <u>Dishman v. UNUM Life Ins. Co. of Am</u>., 269 F.3d 974, 988 (9th Cir. 2001).

As noted in this Court's prior Opinion & Order, even under the most deferential abuse-of-discretion standard of review, Defendant fell far short of fulfilling its fiduciary duty to Plaintiff. Defendant's denial of Plaintiff's claim is the result of the failure to conduct an independent medical examination, the failure to fully consider a contrary SSA determination, the failure to provide Defendant's independent experts with all of the relevant evidence, and the unjustified reliance on an unreasonable Functional Capacity Evaluation. In the interest of

fairness and equity, in recognition of Defendant's bad faith, and in the exercise of this Court's discretion, the Court grants Plaintiff's request for pre-judgment interest.

"Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest [in an ERISA matter] unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.'" Blankenship, 486 F.3d at 628 (quoting Grosz–Salomon, 237 F.3d at 1164). The interest rate for pre-judgment interest under § 1961 is the rate applicable to one-year United States Treasury Constant Maturities (T–Bills). Grosz–Salomon, 237 F.3d at 1163–64.

Here, Plaintiff requests a 9% interest rate, instead of the T-Bill rate, "to compensate her for the loss of use of her disability income for the past two years." Pl.'s Reply Def.'s Obj. 4, ECF 40. Plaintiff does not provide substantial evidence to support a rate other than that proscribed in § 1961. See Stone, 2010 WL 2595675, at *4 (declining to deviate from the rate under § 1961 when the plaintiff failed to "establish she suffered the loss of an ability to invest money in funds at a rate of return higher than that earned on T–Bills or that she had to borrow money at a higher rate to compensate for lost benefits."). Absent such evidence, Plaintiff is only entitled to pre-judgment interest at the rate prescribed in 28 U.S.C. § 1961.[2]

Finally, Plaintiff may seek her attorney's fees and costs in accordance with the Federal Rules and Local Rules of Civil Procedure.

## CONCLUSION

Plaintiff's long-term disability benefits are reinstated effective October 18, 2013 and are awarded in the monthly amount of $1,327.70 for the remainder of the "Own Occupation" period. In remitting the past due monthly benefits, Defendant shall also include pre-judgment interest

---

[2] The one-year T–Bill rate can be found at http://www.federalreserve.gov/releases/H15/current/.

5 – OPINION & ORDER

calculated at the rate prescribed in 28 U.S.C. § 1961. Plaintiff's life insurance Waiver of Premium Benefit is reinstated subject to the terms of the employee welfare benefit plan. Plaintiff's claim for long-term disability benefits under the "Any Occupation" definition of disability is remanded to Defendant for administrative determination. The Court will enter a judgment consistent with this Opinion & Order.

IT IS SO ORDERED.

Dated this ___13___ day of ___November___, 2015.

_____
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER