IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY F. ROBERTSON,

                        Plaintiff,

      v.

STANDARD INSURANCE COMPANY,

                        Defendant.

No. 3:14-cv-01572-HZ

OPINION & ORDER

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223

Megan E. Glor
John C. Shaw
MEGAN E. GLOR ATTORNEYS AT LAW PC
621 SW Morrison St., Suite 900
Portland, OR 97205

        Attorneys for Plaintiff

Andrew M. Altschul
BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, OR 97204

Jacqueline J. Herring
Warren Sebastian von Schleicher
SMITTH, VON SCHLEICHER & ASSOCIATES
180 N. LaSalle St., Suite 3130
Chicago, IL 60601

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

    Plaintiff Sherry F. Robertson brought this ERISA action against Defendant Standard

Insurance Company. This Court granted Plaintiff's motion for summary judgment because

Defendant abused its discretion when it terminated Plaintiff's long-term disability insurance

benefits and waiver-of-premium of a life insurance policy. Plaintiff now moves for $73,640.25 in

attorney's fees and $1,620.33 in costs. For the reasons explained below, Plaintiff's motion is

granted in part. Plaintiff is awarded $43,526 in fees and $420.08 in costs.

## DISCUSSION

I.    **Attorney's Fees**

    a.    <u>Entitlement to Attorney's Fees</u>

    In an ERISA action to recover unpaid disability benefits, "the court in its discretion may

allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

According to the Ninth Circuit, "[t]his section should be read broadly to mean that a plan

participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his

plan, should ordinarily recover an attorney's fee unless special circumstances would render such

an award unjust." <u>Smith v. CMTA–IAM Pension Trust</u>, 746 F.2d 587, 589 (9th Cir. 1984)

(internal quotations omitted).

    "[A]fter determining a litigant has achieved some degree of success on the merits, district

courts must still consider the <u>Hummell</u> factors before exercising their discretion to award fees

under § 1132(g)(1)." <u>Simonia v. Glendale Nissan/Infiniti Disability Plan</u>, 608 F.3d 1118, 1121

(9th Cir. 2010). The "<u>Hummell</u> factors" are:

> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of fees;
> (3) whether an award of fees against the opposing parties would deter others from acting in similar circumstances;
> (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
> (5) the relative merits of the parties' positions.

<u>Hummell v. S.E. Rykoff & Co.</u>, 634 F.2d 446, 453 (9th Cir. 1980). "No one of the <u>Hummell</u>

factors, however, is necessarily decisive, and some may not be pertinent in a given case."

<u>Carpenters Southern California Administrative Corp. v. Russell</u>, 726 F.2d 1410, 1416 (9th Cir.

1984).

     As to the <u>Hummel</u> factors, this Court previously held that Defendant acted in bad faith

and that its actions "fell far short of fulfilling its fiduciary duty to Plaintiff." Opinion & Order,

September 30, 2015, at 31, ECF 35. Defendant does not dispute that it has the ability to satisfy an

award of attorney's fees. Although Plaintiff's claim did not seek to benefit other participants, an

award of fees may deter other insurers from failing to conduct an adequate investigation and

from behaving unreasonably when terminating benefits. Finally, Plaintiff's position had merit,

although Defendant also had some success in limiting the scope of the relief.

     Defendant does not contest that Plaintiff satisfies the <u>Hummel</u> factors. The Court

concludes that Plaintiff is entitled to an award of attorney's fees and costs.

     b.  <u>Amount of Attorney's Fees</u>

     To determine the appropriate amount of attorney's fees in ERISA cases, the Ninth Circuit

has adopted the "hybrid lodestar/multiplier approach used by the Supreme Court in <u>Hensley v.</u>

<u>Eckerhart</u>[.]" <u>Van Gerwen v. Guarantee Mut. Life Co.</u>, 214 F.3d 1041, 1045 (9th Cir. 2000)

(citations omitted). The district court first "must determine a 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383 (9th Cir. 1990), overruled on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992). The district court then may increase or decrease the lodestar fee based on certain factors that are not subsumed within the initial calculation of the lodestar. Id. "Such upward or downward adjustments are the exception rather than the rule since the lodestar amount is presumed to constitute a reasonable fee." Id. Here, Plaintiff does not seek an adjustment of the lodestar amount.

i.  Hours Reasonably Expended

It is the fee claimant's burden to demonstrate that the number of hours spent on the case was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley, 461 U.S. at 434; see also Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their [ ] claims.").

Plaintiff's attorney Michael D. Grabhorn seeks compensation for 171.30 hours of work and Plaintiff's attorney Megan E. Glor seeks compensation for 7.3 hours of work. Grabhorn Decl. 11-12, ECF 45. Plaintiff reduced the requested total fees 10% to account for any potential duplicative time. Id. at 6. Despite this voluntary reduction, Defendant argues that the amount of time billed is unreasonable.

This case was originally filed in the Western District of Kentucky, where Plaintiff's counsel resides. When Defendant moved to dismiss the case for improper venue, Plaintiff voluntarily dismissed her complaint and refiled it in this district. Defendant argues that Plaintiff

is not entitled to any fees for work done before the case was voluntarily dismissed in Kentucky

on September 12, 2014. The Court agrees that Plaintiff is not entitled to fees that solely relate to

the Kentucky action; however, the majority of Plaintiff's requested fees prior to September 12,

2014, relate to work that was subsequently relevant and used in the District of Oregon litigation.[1]

For example, Plaintiff's counsel reviewed the claim file in preparation for litigation, attempted to

resolve the case with Defendant prior to filing suit, and drafted a complaint that required less

than an hour of work to adapt for filing in Oregon. See Grabhorn Decl. 7-8. Those time entries

would have been the same if the case had originally been filed in Oregon. Therefore, the Court

only deducts fees for 3.3 hours of work done between August 20, 2014 and September 12, 2014,

which are solely related to Plaintiff's decision to voluntarily dismiss the case from Kentucky.

Defendant opposes Plaintiff's request for fees for time spent on her unsuccessful motion

to compel and unsuccessful response to Defendant's motion to clarify the scope of the Court's

award of benefits. Defendant contends that Plaintiff is not entitled to fees for time spent on issues

on which Defendant prevailed and Plaintiff failed to achieve any degree of success. The Court

agrees that Plaintiff is not entitled to fees related to the motion to compel. Plaintiff filed the

motion to compel on the day that discovery was to be completed, which therefore necessitated an

additional opposed motion to extend discovery deadlines. This Court denied the motion to

compel because Plaintiff failed to make even a threshold showing that she was entitled to the

requested discovery and Plaintiff failed to narrowly tailor her discovery requests. See Order,

May 15, 2015, ECF 28. Accordingly, Plaintiff is not entitled to fees for this motion, which was

---

[1] Even the case cited by Defendant recognizes that Plaintiff may obtain fees for work done prior to filing
the case in Oregon if it was necessary for the present case and can be "parse[d] out" from the fees
requested for work that had no bearing on the Oregon case. See Gross v. Sun Life Assur. Co. of Canada,
105 F. Supp. 3d 130, 137 n.6 (D. Mass. 2015); see also Dishman v. UNUM Life Ins. Co. of Am., 269
F.3d 974, 988 (9th Cir. 2001) (fees may be recovered for "work performed before the filing of the
complaint [such as] conferences with clients, drafting the complaint and other reasonable efforts directed
toward the filing of the litigation.").

"distinct in all respects" from her claim on which she ultimately prevailed. See Hensley, 461 U.S. at 440. The Court deducts fees for the 8.8 hours spent by Mr. Grabhorn and the 1.1 hours spent by Ms. Glor on the unsuccessful motion to compel.[2] However, Plaintiff is entitled to fees for work responding to Defendant's motion to clarify this Court's September 30, 2015 ruling. While Defendant ultimately prevailed on that motion, Plaintiff's response was necessary to comply with this Court's direction of Plaintiff to prepare a judgment after conferring with Defendant and was inextricably related to the claim on which Plaintiff prevailed.

Defendant opposes Plaintiff's request for fees for work performed by local counsel Ms. Glor. Defendant contends that Ms. Glor's work was limited to reviewing documents and consulting with Mr. Grabhorn and that, therefore, her work was unnecessary. However, Defendant provides no support for its conclusion that Ms. Glor's work was unnecessary, nor does Defendant allege that Ms. Glor's work was redundant. Furthermore, in reviewing the fee request the Court finds only one instance of duplication between fees requested by Mr. Grabhorn and Ms. Glor, on April 8, 2015. Because the Court is already deducting the 0.2 hours of work performed by Ms. Glor on April 8, 2015, related to the unsuccessful motion to compel, there are no further deductions that need to be made from Ms. Glor's time sheet.

Defendant contends that 5.5 hours of Mr. Grabhorn's time and all of the 12.10 hours of "paralegal/legal assistant" time should be deducted because it reflects time spent on clerical tasks. Plaintiff cannot seek fees for work that was clerical in nature. "Clerical tasks are not properly billed as attorney fees but are overhead expenses absorbed by counsel." Yox v. Providence Health Plan, No. 3:12-CV-01348-HZ, 2014 WL 3478566, at *4 (D. Or. July 11, 2014); see also Lafferty v. Providence Health Plans, No. 08-CV-6318-TC, 2011 WL 127489, at

---

[2] The Court deducts Mr. Grabhorn's and Ms. Glor's time spent between March 23, 2015 and May 15, 2015, with the exception of a "status letter" to Plaintiff. See Grabhorn Decl. 9-10, 12.

*5 (D. Or. Jan. 14, 2011) ("It is well settled, both in this District and elsewhere, that it is inappropriate to seek fees under a fee shifting statute for purely secretarial or clerical work.") (citing <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n. 10 (1989)). "Tasks considered clerical include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." <u>Id.</u> (citation omitted); see also <u>Frevach Land Co. v. Multnomah Cty., Dep't of Envtl. Servs., Land Use Planning Div.</u>, No. CV-99-1295-HU, 2001 WL 34039133, at *12 (D. Or. Dec. 18, 2001) (explaining that "secretarial-type tasks" include proofreading documents, indexing documents, and assembling documents).

After reviewing the time entries for Mr. Grabhorn, the Court finds that very few of Mr. Grabhorn's tasks were clerical in nature. The Court deducts only 0.4 hours of Mr. Grabhorn's time to reflect the clerical tasks of reviewing proofs of service, reviewing *pro hac vice* motions, and reviewing clerk notices and service.[3] On the other hand, the vast majority of the tasks performed by Mr. Grabhorn's "paralegal/legal assistant" were clerical in nature. There is no reason a legal secretary could not have performed tasks such as preparing Plaintiff's client file, preparing a summons and civil cover sheet, filing an affidavit of service, and proofreading documents. Therefore, the Court deducts 6.2 hours of the paralegal/legal assistant's time.[4]

Defendant argues that Plaintiff failed to meaningfully confer regarding the fee petition and that, therefore, the Court should decline to award Plaintiff fees for preparing the motion. The Court agrees. Local Rule 7-1 provides that the first paragraph of every motion must certify that "the parties made a good faith effort through personal or telephone conferences to resolve the

---

[3] Mr. Grabhorn's entries that were clerical in nature consist of the following: 8/6/14, 10/23/14, and 10/7/15. Grabhorn Decl. 7-11.
[4] The paralegal/legal assistant's entries that were clerical in nature consist of the following: 5/7/14, 6/4/14, 6/11/14, 6/12/14, 6/18/14, 9/24/14, 10/6/14, 10/7/14, 10/23/14, 11/11/14, 12/2/14, 6/17/15, and 10/14/15. Grabhorn Decl. 13.

dispute and have been unable to do so" or "the opposing party willfully refused to confer." Plaintiff's motion for fees and costs does not provide such a certification, but instead simply states that Defendant opposes the motion.

Defendant submits an email exchange that captures Mr. Grabhorn's communication regarding this motion. ECF 48-2. In that exchange, Defendant's counsel, Jacqueline Herring, states that "with respect to costs/fees, there may be some issues on which we can agree . . . Let me know when you have the numbers and I will discuss it with Standard." Id. at 3. Mr. Grabhorn failed to provide Ms. Herring with any such numbers and instead responded that Plaintiff was entitled to her fees and costs and that "[g]iven your cryptic answer, we will proceed with the understanding Standard opposes." Id. In response, Ms. Herring  wrote: "We are frequently able to reach some agreement on certain items, such as the amount of costs, which could narrow the issues to be addressed in a motion." Id. at 2. Instead of making a good faith effort, through personal or telephone conferences, to resolve the dispute, Mr. Grabhorn responded in an email: "I did not ask Standard's position solely as to costs. I asked as to Ms. Robertson's fees, which be [sic] the most significant component of her motion. Again, given the semantics and less than direct response, I'll proceed with the understanding Standard opposed Ms. Robertson's motion." Id. The tone and substance of Mr. Grabhorn's email falls short of the local rule's "good faith effort" requirement to confer on the telephone or in person. Had the parties conferred, perhaps some of the issues raised in this motion could have been resolved. Accordingly, the Court finds it appropriate to deduct the 11.3 hours spent by Mr. Grabhorn preparing this motion on December 3 and 4, 2015.

Finally, Defendant asks the Court to deduct fees sought by Mr. Grabhorn for 6.6 hours spent on "status calls," "status letters," and "status emails" with Plaintiff. Defendant contends

that these fees should be denied because the lack of detail in the fee request leaves the Court with no ability to assess its reasonableness. Plaintiff contends that the communications are protected by the attorney-client privilege and offers to provide the Court with Plaintiff's counsel's un-redacted notes for *in camera* review.

Both parties cite to <u>United States v. $167,070.00 in U.S. Currency</u>, No. 3:13-CV-00324-LRH, 2015 WL 5057028 (D. Nev. Aug. 25, 2015) in support of their arguments. In that case from the District of Nevada, the United States argued that time sheet entries labeled "meeting with client" or "conference with client" were so vague that they should be excluded from any fee award. <u>Id.</u> at *5. The court agreed with the defendant that the attorney-client privilege precludes attorneys from including un-redacted details of all conversations with their client in fee logs. <u>Id.</u> However, the court explained:

> [T]he proper methodology is to include the general subject of these meetings while billing but redact privileged information when submitting the billing entries with the court so that the information remains privileged but the court can conduct an in camera review if necessary.

<u>Id.</u> The list of fees in that case included entries identified as meetings with the client, with part of the subject redacted by black marks. <u>Id.</u> The court held that these entries were proper, because "they indicate the event, redact the privileged material, but include enough information for the Court to conduct an in camera review if necessary." <u>Id.</u> However, the entries that were merely identified as "meeting with client" or "conference with client" without any additional information identified or redacted were impermissibly vague and, therefore, the court reduced the requested fee award for those vague entries. <u>Id.</u>

Other courts in this district have similarly declined to award fees to attorneys who provide only vague descriptions of how they spent time. In <u>MW Builders, Inc. v. Safeco Ins. Co. of Am.</u>, No. CIV 02-1578-AC, 2009 WL 1161751, at *3 (D. Or. Apr. 28, 2009), entries

described as "conference with," "email client" or "letter to" with no description of the subject were found to be "precisely the type of vague description that this court has warned attorneys 'makes it nearly impossible to assess the reasonableness of the requested time.'" See also Atlantic Recording v. Andersen, No. 05–933–AC, 2008 WL 2536834, at *9 (D. Or. June 24, 2008).

The Court declines Plaintiff's offer to provide notes regarding the vague entries for *in camera* review. As the Ninth Circuit has held, to review the billing records *in camera* and preclude Defendant from raising specific objections to the records would be error. United States v. $1,379,879.09 Seized From Bank of Am., 374 F. App'x 709, 711 (9th Cir. 2010).

At this point, the Court will not award Plaintiff fees for the 6.6. hours of work that Mr. Grabhorn claims in vague time entries. If, after reviewing this Opinion & Order, Plaintiff still wishes to seek fees for these hours, the proper course of action is for Plaintiff to provide Defendant access "to the billing records underlying the fee request, including the specific descriptions of services rendered." See id. "[T]he records should be redacted *only* to the extent absolutely necessary to protect information covered by the attorney-client privilege or the work-product doctrine." Id. Then, after complying with the conferral requirements of Local Rule 7-1, Plaintiff may file a supplemental motion to request fees for the 6.6 hours in question. Defendant will have an opportunity to object and this Court will consider the motion and any objections in a separate Opinion & Order. The Court may request to review notes regarding the entries *in camera.*

In sum, the Court declines to award fees for the following hours requested by Plaintiff:

- Mr. Grabhorn's time
    - 3.3 hours—Kentucky litigation
    - 8.8 hours—motion to compel
    - 0.4 hours—clerical tasks

- o   11.3 hours—fees and costs motion
- o   6.6 hours—vague entries
- o   TOTAL: 30.4 hours

- <u>Ms. Glor's time:</u>
    - o   1.1 hours—motion to compel

- <u>Paralegal/legal assistant time:</u>
    - o   6.2 hours—clerical tasks

    ii.   Reasonable Hourly Rate

In determining the reasonable hourly rate, the Court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. <u>Blum v. Stenson</u>, 465 U.S. 886, 895 n.11 (1984); <u>see also</u> <u>Robins v. Scholastic Book Fairs</u>, 928 F. Supp. 1027, 1333 (D. Or. 1996). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. <u>Jordan v. Multnomah Cnty.</u>, 815 F.2d 1258, 1263 (9th Cir. 1987). Judges in the District of Oregon use the Oregon State Bar Economic Survey ("OSB Economic Survey") as a benchmark for assessing the reasonableness of hourly billing rates. <u>See</u> Local Rule 54-3 Practice Tip ("[T]he court requests that fee petitions address the Economic Survey and provide justification for requested hourly rates higher than reported by the Survey."); <u>see also</u>, <u>e.g.</u>, <u>McElmurry v. U.S. Bank Nat. Ass'n</u>, No. CIV. 04-642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) ("The Survey is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates.").

    Plaintiff seeks fees based on an hourly rate of $450 for Mr. Grabhorn and Ms. Glor. Mr. Grabhorn graduated from law school in 2003 and is based in Kentucky. Grabhorn Decl. 2. The

bulk of Mr. Grabhorn's practice involves group long-term disability claims subject to and litigated under ERISA. Id. Plaintiff fails to provide any information regarding Ms. Glor's background or experience, except for a footnote in Plaintiff's reply brief, unsupported by any evidence, stating that Ms. Glor has appeared in "no less than 138 ERISA cases." Pl.'s Reply 7 n.4, ECF 49. Ms. Glor is based in Portland, Oregon.

In support of Mr. Grabhorn's and Ms. Glor's requested hourly rates, Plaintiff submits the declarations of attorneys Jonathan Feigenbaum and Glenn Kantor. See Feigenbaum Decl., ECF 46; Kantor Decl., ECF 47. Mr. Feigenbaum is based in Boston, Massachusetts, and focuses his practice on representing individuals in disability insurance matters governed under ERISA and under state laws. Feigenbaum Decl. 2. Mr. Feigenbaum declares that he has conferred with other members of the plaintiff's ERISA bar around the country and has reviewed fee awards in many jurisdictions. Id. at 9. He declares that an hourly rate of $450 is "very reasonable." Id. Mr. Kantor is based in Los Angeles, California, and has spent the majority of his career practicing in the area of ERISA-regulated employee benefit plans. Kantor Decl. 2. Mr. Kantor declares that the hourly rate sought by Mr. Grabhorn is "more than reasonable for compensation of attorneys representing ERISA claimants." Id. at 5. Neither of the declarations addresses the OSB Economic Survey.

Plaintiff's motion argues that, even when considering the OSB Economic Survey, the requested hourly rate is reasonable. According to Plaintiff, it is reasonable to apply the 95th percentile to the rates sought by Mr. Grabhorn and Ms. Glor because ERISA litigation requires specialized skills and knowledge and has a high barrier to entry for plaintiff's counsel.

However, Plaintiff fails to account for the number of years that each attorney has been admitted to practice. The "95th percentile rate" of $450 that Plaintiff seeks reflects data for all

private practice attorneys in Portland. The OSB Economic Survey provides additional data, organized by attorneys' total years admitted to practice. For this Court to award an hourly rate without considering years of experience would not be reasonable.

The majority of the work performed on this case occurred in 2014 and 2015. At that time, Mr. Grabhorn had 11-12 years of experience. Plaintiff submits no evidence as to how many years Ms. Glor had been practicing law. However, the Court notes that in Ms. Glor's prior appearance before this Court, she had 21 years of experience as of 2013. Yox v. Providence Health Plan, No. 3:12-CV-01348-HZ, 2014 WL 3478566, at *3 (D. Or. July 11, 2014) (awarding Ms. Glor an hourly rate of $300). Therefore, this Court assumes for the purposes of this motion that Ms. Glor had 22-23 years of experience by the time she worked on the present case. According to the OSB Economic Survey, attorneys in Portland command the following hourly rates:

| Years of Practice | Average Rate | Median Rate |
|---|---|---|
| 10-12 years | $280 | $275 |
| 21-30 years | $326 | $333 |

The Court finds that the average hourly rates are appropriate in light of the handling of the case by counsel. However, the Court recognizes that the OSB Economic Survey does not account for inflation that has occurred between 2012 and 2014-2015.The CPI Inflation Calculator available from the United States Department of Labor (available at http://www.bls.gov/data/inflation_calculator.htm) shows that $280 in 2012 is equivalent to $288.71 in 2014 and $289.05 in 2015. Averaging these two numbers results in an hourly rate for Mr. Grabhorn of $288.88. Similarly, the CPI calculator shows that $326 in 2012 is equivalent to

$336.14 in 2014 and $336.53 in 2015, resulting in an average hourly rate of $336.34 for Ms. Glor.

           iii.   Total Fees Awarded

In light of this Court's conclusions regarding the appropriate lodestar amount, the Court concludes that Plaintiff is entitled to the following attorney's fees:

- Mr. Grabhorn: 140.9 hours x $288.88/hr. = $40,703.19
- Ms. Glor: 6.2 hours x $$336.34/hr. = $2,085.31
- Paralegal/legal assistants = 5.9 hours x 125 = $737.50
- TOTAL = $43,526

## II.    Costs

    a.  Standard

Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a presumption in favor of awarding costs to the prevailing party. E.g., Ass'n of Mexican–Am. Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion ... [and] explain why a case is not ordinary." Id. at 594 (internal quotation marks omitted). To rebut the presumption, the court may consider "the losing party's limited financial resources, misconduct on the part of the prevailing party . . . the importance and complexity of the issues, the merit of the plaintiff's case, . . . and the chilling effect on future . . . litigants of imposing high costs." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted). The district court, however, "needs no affirmatively expressed reason to tax costs. Rather, it need only conclude that the reasons advanced by the party bearing the burden— the losing party—are not sufficiently persuasive to overcome the presumption." Id. at 946.

Costs taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821[.]" Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005). Section 1920 lists the specific items a prevailing party may recover as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). The district court retains broad discretion to decide how much to award, if anything. Padgett v. Loventhal, 706 F.3d 1205, 1209 (9th Cir. 2013); see also Arboireau v. Adidas Salomon AG, No. 01–105–ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002) (trial judge has "wide discretion" in awarding costs under Rule 54(d)(1)).

   b.   Analysis

Plaintiff requests $1,620.33 in costs—$531.50 for "copy/printing"; $900 for court filing fees; $20.08 for postage; and $168.75 for "E-Scan Documents for Filing." Grabhorn Decl. 14. Defendant objects to all of Plaintiff's requests, except for the $400 filing fee in this Court.

Defendant opposes Plaintiff's request for $531.50 in "copy/printing" charges because Plaintiff fails to provide any detail or invoices to explain why the copies were necessary. Plaintiff submits Mr. Grabhorn's declaration, which states:

> The case has generated over 2,900 pages of filings. We were able to avoid printing over 800 pages, and only seek to recover $531.50 for copying costs (2,126 pages at $0.25 per page). This amount does not include the copies printed for courtesy filings with the Court.

Grabhorn Decl. 6. Mr. Grabhorn does not explain, however, what materials were copied or why it was necessary to copy 2,126 pages. Therefore, the Court finds no basis to award Plaintiff

"copy/printing" fees. See Michaels v. Taco Bell Corp., No. 3:10-CV-1051-AC, 2013 WL 5206347, at *4 (D. Or. Sept. 13, 2013) (explaining that information about copy charges is a "prerequisite for the court awarding photocopying costs"). For the same reasons, the Court denies Plaintiff's request for $168.75 in scanning expenses.

Defendant opposes Plaintiff's request for the $400 filing fee for her action in Kentucky that she voluntarily dismissed. Plaintiff argues that, by refiling her case in this Court, she saved the parties time and money. The Court agrees with Defendant that Plaintiff is not entitled to costs in the Kentucky action she voluntarily dismissed. The Court also deducts the $100 *pro hac vice* fee Plaintiff claims for Mr. Grabhorn. Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc., 741 F.3d 955, 958 (9th Cir. 2013) (concluding that § 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs).

Finally, Defendant opposes Plaintiff's request for $20.08 in postage. Section 1920 does not provide for an award of postage costs. Teicher v. Regence Health & Life Ins. Co., No. 06-CV-1821-BR, 2008 WL 5071679, at *12 (D. Or. Nov. 24, 2008). However, Plaintiff argues that this Court has discretion to award expenses that do not fall within the scope of §1920 as part of "reasonable attorney's fees" under ERISA. Plaintiff is correct that, although not all "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys" come within § 1920, "those expenses may in fact be recoverable as part of their reasonable attorney's fees" under ERISA. Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1258 (9th Cir. 2006) ("reasonable attorney's fees" include litigation expenses only when it is "the prevailing practice in a given community" for lawyers to bill those costs

separately from their hourly rates). Therefore, the Court awards Plaintiff her requested postage costs.[5]

In sum, the Court deducts from Plaintiff's requested costs the following: $531.50 for "copying/printing," $168.75 for scanning, $400 for the filing fee in Kentucky, and $100 for the *pro hac vice* fee. These deductions total $1200.25. Therefore, the Court awards Plaintiff $420.08 in costs.


**CONCLUSION**

Plaintiff's Motion for Attorney's Fees and Costs [44] is granted in part. Plaintiff is awarded $43,526 in fees and $420.08 in costs.

If, as discussed above, Plaintiff chooses to pursue her fee request for 6.6 hours of Mr. Grabhorn's work by providing additional information to Defendant, she must provide that information within 5 days of the date below. Within 10 days of the date below, Plaintiff must file any supplemental motion for these fees. Defendant may object to any additional fee request no later than 7 days after the motion is filed. No reply will be allowed.

IT IS SO ORDERED.


Dated this _____31_____ day of_____January_____, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[5] Plaintiff's argument regarding this Court's discretion to award costs outside of the scope of § 1920 has no impact on the Court's decision regarding the other costs discussed in this Opinion, because Plaintiff failed to establish that the costs were necessary for her case.