IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY F. ROBERTSON,

           Plaintiff,

    v.

STANDARD INSURANCE COMPANY,

           Defendant.

No. 3:14-cv-01572-HZ

OPINION & ORDER

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223

John C. Shaw
Megan E. Glor
MEGAN E. GLOR ATTORNEYS AT LAW
621 SW Morrison St., Suite 900
Portland, OR 97205

    Attorneys for Plaintiff

1 – OPINION & ORDER

Andrew M. Altschul
BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, OR 97204

Jacqueline J. Herring
Warren Sebastian von Schleicher
SMITTH, VON SCHLEICHER & ASSOCIATES
180 N. LaSalle St., Suite 3130
Chicago, IL 60601

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Sherry F. Robertson moves to reopen this closed case against Defendant Standard Insurance Company. Defendant does not oppose the request; however, Defendant requests that the Court stay the case pending completion of the remand evaluation of Plaintiff's disability claim.[1] The Court grants Plaintiff's motion to reopen and denies Defendant's request.

## BACKGROUND

      On September 30, 2015, this Court granted summary judgment to Plaintiff in her action against Defendant under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. Robertson v. Standard Ins. Co., 139 F. Supp. 3d 1190 (D. Or. 2015). The Court found that Defendant abused its discretion when it terminated Plaintiff's long-term disability (LTD) insurance benefits and waiver-of-premium of a life insurance policy benefit. Id. at 1193. The Court concluded that Defendant fell far short of fulfilling its fiduciary duty to Plaintiff. Id. at 1210. As the Court explained, Defendant's denial of Plaintiff's claim was the result of the failure to conduct an independent medical examination, the failure to fully consider

---

[1] Defendant also notes that Plaintiff failed to comply with the conferral requirement of Local Rule 7-1(a). Plaintiff is warned that failure to comply in the future may result in the denial of Plaintiff's motion.

2 – OPINION & ORDER

a contrary SSA determination, the failure to provide Defendant's independent experts with all of the relevant evidence, and the unjustified reliance on an unreasonable Functional Capacity Evaluation. Id.

On November 20, 2015, this Court entered a judgment, in which it ordered Plaintiff's long-term disability benefits reinstated effective October 18, 2013 and awarded for the remainder of the "Own Occupation" period. Judgment, ECF 43. However, as to Plaintiff's claim for long-term disability benefits under the "Any Occupation" definition of disability, the Court remanded the case to Defendant for administrative determination. Id. In a separately issued Opinion & Order, the Court explained that the administrative record had not been adequately developed regarding the "Any Occupation" standard. Opinion & Order, Nov. 13, 2015, ECF 42. For that reason, the Court remanded the case.

## DISCUSSION

Defendant has yet to render a decision on Plaintiff's right to receive disability benefits under the "Any Occupation" standard. The parties agree that, therefore, this case should be reopened. They disagree, however, on whether the Court should enter a stay pending Defendant's completion of the remand evaluation and issuance of a decision. At issue is whether the deadlines set forth in the ERISA claims regulations, 29 C.F.R. § 2560.503-1, apply when a court reverses a denial of benefits and remands the claim to the administrator to reconsider a denied claim.

Plaintiff argues that when an ERISA claim for benefits is remanded by a court to the claims administrator, the claim should generally be treated as an appeal of a denied claim under the ERISA claims regulations. Thus, according to Plaintiff, Defendant was required to render a decision on Plaintiff's disability claim within 45 days of this Court's order, as set forth in 29

C.F.R. § 2560.503-1(h). Because Defendant failed to do so, Plaintiff contends that this Court should deem Plaintiff to have exhausted her administrative remedies and thus be entitled to proceed to judicial review.

Defendant contends that 29 C.F.R. § 2560.503-1 applies only to administrative claim procedures and does not apply to a court-ordered remand. According to Defendant, it has been hindered in its ability to complete the remand evaluation because Plaintiff declined to participate in a Functional Capacity Evaluation (FCE) and Independent Medical Examination (IME).[2] Defendant requests that this Court stay the case pending completion of the remand evaluation and order Plaintiff to cooperate and participate in the remand, including the FCE and IME. Defendant states that it will issue a decision on Plaintiff's qualifications for benefits within 30 days of receipt of the reports from the FCE and IME.

I.    Regulatory deadlines set forth in 29 C.F.R. § 2560.503-1

Section 503 of ERISA requires employee benefit plans, "in accordance with regulations of the Secretary [of the Department of Labor]" to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. The Secretary has promulgated regulations which set forth "minimum requirements for employee benefit plan procedures pertaining to claims for benefits." 29 C.F.R. § 2560.503-1(a); see also 29 U.S.C. § 1135 ("the Secretary may prescribe such regulations as he finds necessary or appropriate"); In re Watson, 214 B.R. 597, 605 (B.A.P. 9th Cir. 1997), aff'd, 161 F.3d 593 (9th Cir. 1998) ("Congress delegated broad authority to the Secretary of Labor to publish regulations under ERISA.")

---

[2] Plaintiff points out that Defendant did not seek an IME until July 20, 2016, over eight months after the Court remanded the claim. See Def.'s Resp. Ex. 7, ECF 52-7. The Court does not find any evidence that Defendant has asked Plaintiff to participate in a FCE.

4 – OPINION & ORDER

These "minimum requirements" include deadlines for a plan to review and decide claims. Specifically, in the case of a claim for disability benefits, the plan administrator must notify the claimant of the plan's adverse benefit determination no later than 45 days after receipt of the claim by the plan. 29 C.F.R. § 2560.503-1(1)(f)(3). A limited exception applies if the plan determines that an extension of time is needed; in that case, that plan administrator may seek, at the most, two 30 day extensions of time. Id.

The regulations also provide deadlines that an employee benefit plan must follow with regard to a claimant's appeal of an adverse benefit determination. The plan's decision on appeal shall be made no later than 45 days after receipt of the claimant's request for review by the plan. 29 C.F.R. § 2560.503-1(i)(3)(i). The plan administrator may seek a 45-day extension in limited circumstances. Id.

Where a plan fails to establish or follow claims procedures consistent with the regulations, "a claimant shall be deemed to have exhausted the administrative remedies available under the plan" and is entitled to proceed to judicial review. 29 C.F.R. § 2560.503-1(l); see also Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S. Ct. 604, 613 (2013) ("If the plan fails to meet its own deadlines under these procedures, the participant 'shall be deemed to have exhausted the administrative remedies.' § 2560.503-1(l ). Upon exhaustion of the internal review process, the participant is entitled to proceed immediately to judicial review[.]").

**II.    Whether regulatory deadlines apply to a court-ordered remand**

No statute or regulation squarely addresses the issue presented by this case—is an ERISA claim for benefits remanded by a court to the claims administrator subject to the deadlines set forth in the ERISA claims regulations regarding an appeal of a denied claim?

5 – OPINION & ORDER

Defendant argues that § 2560.503-1 does not apply to a court-ordered remand of an ERISA disability claim. According to Defendant, the scope of the claims procedures in the regulations encompasses only those determinations "pertaining to" the initial claim submitted "in accordance with" the plan procedures. Def.'s Resp. 6-7, ECF 52 (quoting 29 C.F.R. § 2560.503-1(e)(f)). Defendant contends that an administrative remand is not a "claim for benefits" nor filed "in accordance with a plan's reasonable procedure for filing benefit claims," and thus it falls outside of the regulatory framework of § 2560.503-1. Id. Defendant cites several decisions from other circuits where courts have specified time periods for concluding the remand that are different from those found in § 2560.503-1, "tacitly recognizing that the regulation does not govern a court-ordered remand." Id. at 7.

Defendant also points to the "Scope and Purpose" section § 2560.503-1 to argue that the plain terms of the regulation reflect that it does not govern any subsequent court-ordered administrative remands. The "Scope and Purpose" of § 2560.503-1 states:

> (a) In accordance with the authority of sections 503 and 505 of the Employee Retirement Income Security Act of 1974 (ERISA or the Act), 29 U.S.C. 1133, 1135, this section sets forth minimum requirements for employee benefit plan procedures pertaining to **claims for benefits** by participants and beneficiaries[.]

29 C.F.R. § 2560.503-1(a) (emphasis added). The regulation further defines "claim for benefits":

> For purposes of this section, a claim for benefits is a request for a plan benefit or benefits made by a claimant **in accordance with a plan's reasonable procedure for filing benefit claims.**

29 C.F.R. § 2560.503-1(e) (emphasis added). Defendant argues that the definition of "claim for benefits" makes clear that § 2560.503-1 only applies to an initial claim filed by a claimant, not an administrative remand. Defendant argues that an administrative remand falls outside of the regulatory framework of § 2560.503-1 and, therefore, the timelines imposed by § 2560.503-1(f)(4) do not apply.

6 – OPINION & ORDER

Plaintiff responds by citing to other court cases, also outside of this circuit, which have rejected Defendant's argument and concluded that 29 C.F.R. § 2560.503-1 applies to an ERISA benefit claim on remand. In addition, Plaintiff attaches an *amicus* brief in support of Plaintiff's position, which was recently submitted by the Department of Labor (DOL) in a case on appeal before the Second Circuit Court of Appeals. See Pl.'s Reply Ex. A, ECF 53-1 (attaching brief submitted in appeal of Solnin v. Sun Life & Health Ins. Co., 766 F. Supp. 2d 380, 382 (E.D.N.Y. 2011)).

In the absence of any controlling precedent, this Court has reviewed the conflicting authority presented by both parties and concludes that Plaintiff's interpretation is correct. In particular, the Court is persuaded by the DOL's interpretation of its own regulation.

The DOL argues that a claim that has been remanded by a court generally should be treated as an appeal of a denied claim under the ERISA claims regulations. Id. at 2. Therefore, the deadlines set forth in the ERISA claims regulations apply when a court reverses a denial of benefits and remands a claim to an administrator to reconsider the denied claim. Id. The DOL explains that, while the text of the claims regulations promulgated by the DOL Secretary does not expressly discuss remanded claims, the broad language of the regulations encompasses all claims, including those remanded by a court for further consideration by an administrator. Id. at 7-8.

The DOL acknowledges that "[c]urrently, different courts take varied approaches[.]" Id. at 16. This variation, according to the DOL, highlights "the need for a clear and uniform standard." Id. The DOL argues that:

> [I]t is untenable and inconsistent with both ERISA section 503 and the implementing claims regulations, as well as with ERISA's stringent fiduciary duties of prudence and loyalty set forth in section 404, 29 U.S.C. § 1104, to allow a plan fiduciary who has acted

arbitrarily and capriciously in denying a claim the first time to then take as long as it wants to decide a remanded claim simply because the court did not set time limits. Id. at 19.

The Court examines the claims regulation and finds it to be ambiguous. The definition of "claim for benefits" in § 2560.503-1(e) is broad and nothing in the language limits it expressly to initial claims. Further, the Court looks to § 2560.503-1(h), which addresses the obligations imposed on an employee benefit plan when a claim appeals an adverse benefit determination. The regulation dictates that a plan must provide a "full and fair review of the claim and the adverse benefit determination," which includes requirements regarding the timing of notification of benefit determination on review. The regulation does not expressly state that an administrative remand constitutes an appeal of an adverse benefit determination. However, in the absence of any other language in the regulation addressing remands directly, the Court finds that the language of §2560.503-1(h) could be interpreted to apply to remands.

The existence of conflicting decisions from other courts strengthens this Court's opinion that the regulation is subject to differing interpretations and is ambiguous. Compare DeMoss v. Matrix Absence Mgmt., Inc., 438 F. App'x 650, 653 (10th Cir. 2011) (imposing a longer deadline than that contained in the ERISA regulations for the plan administrator to decide a remanded claim) and Gorbacheva v. Abbott Labs. Extended Disability Plan, No. 5:14-CV-02524-EJD, 2016 WL 3566979, at *12 (N.D. Cal. June 30, 2016) (retaining jurisdiction of the action while the claim is remanded and requiring joint status reports every three months regarding the plaintiff's LTD benefits determination), with Grant v. Bert Bell/Pete Rozelle NFL Player Ret. Plan, No. 109-CV-1848-RWS, 2010 WL 3749197, at *6 (N.D. Ga. Sept. 21, 2010) (citing 29 C.F.R. § 2560.503-1(h) as applying to a benefit claim on remand) and Stiers v. AK Steel Benefits Plans Admin. Comm., No. 07-145, 2008 WL 1924252, at *6 (S.D. Ohio Apr. 29,

2008) (remanding case for a "full and fair hearing on appeal, in accordance with 29 C.F.R. § 2560.503-1(h)(4)").

Because this Court finds the regulation to be ambiguous, it defers to the DOL's interpretation of its regulations as expressed in the *amicus* brief. Chase Bank USA, N.A. v. McCoy, 562 U.S. 195, 207–08 (2011) ("Under Auer v. Robbins, we defer to an agency's interpretation of its own regulation, advanced in a legal brief, unless that interpretation is "plainly erroneous or inconsistent with the regulation.") (internal citation and quotation marks omitted); see also Talk Am., Inc. v. Michigan Bell Tel. Co., 564 U.S. 50, 59 (2011) ("In the absence of any unambiguous statute or regulation, we turn to the FCC's interpretation of its regulation in its *amicus brief*."); Coeur Alaska, Inc. v. Southeast Alaska Conservation Council, 557 U.S. 261, 278 (2009) (stating that when an agency's regulations construing a statute "are ambiguous . . . we next turn to the agencies' subsequent interpretation of those regulations" for guidance).

Through the *amicus* brief submitted in Solnin in June of 2016, the DOL presents its interpretation of the ERISA "claims procedure" regulation, 29 C.F.R. § 2560.503-1. In the DOL's view, the deadlines set forth in the ERISA claims regulations apply to a court-ordered remand of a claim. In addition, the DOL clearly opines that the deadlines begin to run from the date the court files its order requiring the claims administrator to reconsider its claim.

Because the interpretation the DOL presents in its *amicus* brief is consistent with the regulatory text, the Court needs to look no further in deciding this case. See, e.g., Chase Bank, 562 U.S. at 207–08. The Court defers to the DOL's interpretation. In addition, the Court agrees with the DOL that allowing Defendant to take as long as it wants to decide a remanded claim would be fundamentally unfair, especially given that this Court has already deemed that

9 – OPINION & ORDER

Defendant "fell far short of fulfilling its fiduciary duty to Plaintiff" in denying Plaintiff's claim the first time. See Robertson, 139 F. Supp. 3d at 1210.

### III. Deadlines in this case

The deadlines in the claim regulations begin to run from the date of this Court's order remanding the claim. See, e.g., Thomas v. Cigna Grp. Ins., No. 09-CV-5029 SLT RML, 2013 WL 635929, at *2 (E.D.N.Y. Feb. 20, 2013) (ordering that the initial 60-day period began running when the court's order was entered into ECF); Schadler v. Anthem Life Ins. Co., No. CIV.A.3:95-CV-1044-D, 1999 WL 202568, at *2 (N.D. Tex. Apr. 1, 1999) (time began to run from the date the opinion was filed).

Here, the Court entered a Judgment, remanding Plaintiff's claim, on November 20, 2015. Defendant was required to render a decision on Plaintiff's LTD claim within 45 days, or by January 4, 2016. Because Defendant failed to do so, Plaintiff is deemed to have exhausted her administrative remedies and may thus seek judicial review. See Heimeshoff, 134 S. Ct. at 613.

///

///

///

///

///

10 – OPINION & ORDER

**CONCLUSION**

Plaintiff's Motion to Reopen Case [51] is granted. The Clerk is directed to reopen this case on the Court's active docket and vacate the Judgment [43]. Within 14 days of this Order, the parties must submit a proposed schedule addressing deadlines for: (a) Plaintiff to amend her complaint; (b) Defendant to answer the amended complaint; (c) the parties to exchange mandatory disclosures under F.R.C.P. 26(a); (d) Defendant to file the administrative record; (e) discovery to be completed, if any; and (f) dispositive briefing.

IT IS SO ORDERED.

Dated this \_\_\_4th\_\_\_ day of \_\_\_November\_\_\_, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

11 – OPINION & ORDER