IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRY F. ROBERTSON,

        Plaintiff,

   v.

STANDARD INSURANCE COMPANY,

        Defendant.

No. 3:14-cv-01572-HZ

OPINION & ORDER

Michael D. Grabhorn
GRABHORN LAW OFFICE, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223

John C. Shaw
MEGAN E. GLOR ATTORNEYS AT LAW
621 SW Morrison St., Suite 900
Portland, OR 97205

Megan E. Glor
MEGAN E. GLOR ATTORNEYS AT LAW
707 NE Knott Street, Suite 900
Portland, OR 97212

    Attorneys for Plaintiff

Andrew M. Altschul
BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Ave., Suite 600
Portland, OR 97204

Jacqueline J. Herring
Warren Sebastian von Schleicher
SMITTH, VON SCHLEICHER & ASSOCIATES
180 N. LaSalle St., Suite 3130
Chicago, IL 60601

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Defendant Standard Insurance Company moves for summary judgment and entry of a final order terminating this case as a matter of law. Plaintiff Sherry F. Robertson's case against Defendant has proceeded in this Court over the past three years. Because Plaintiff has already received all the relief she is due, the Court grants Defendant's motion for summary judgment.

## BACKGROUND

On September 30, 2015, this Court granted summary judgment to Plaintiff in her action against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Robertson v. Standard Ins. Co.*, 139 F. Supp. 3d 1190 (D. Or. 2015). The Court found that Defendant abused its discretion when it terminated Plaintiff's long-term disability ("LTD") insurance benefits and waiver-of-premium of a life insurance policy benefit. *Id.* at 1193. The Court concluded that Defendant fell far short of fulfilling its fiduciary duty to Plaintiff. *Id.* at 1210. As the Court explained, Defendant's denial of Plaintiff's claim was the result of the failure

2 – OPINION & ORDER

to conduct an independent medical examination, the failure to fully consider a contrary SSA determination, the failure to provide Defendant's independent experts with all of the relevant evidence, and the unjustified reliance on an unreasonable Functional Capacity Evaluation. *Id.*

On November 20, 2015, this Court entered a judgment in which it ordered Plaintiff's long-term disability benefits reinstated effective October 18, 2013 and awarded for the remainder of the "Own Occupation" period. Judgment, ECF 43. However, as to Plaintiff's claim for long-term disability benefits under the "Any Occupation" definition of disability, the Court remanded the case to Defendant for an administrative determination. *Id.* In a separately issued Opinion & Order, the Court explained that the administrative record had not been adequately developed regarding the "Any Occupation" standard. O&O, Nov. 13, 2015, ECF 42.

A year later, on November 4, 2016, this Court granted Plaintiff's motion to reopen the case because Defendant had failed to timely render a decision on Plaintiff's right to receive disability benefits under the "Any Occupation" standard. *Robertson v. Standard Ins. Co.*, 218 F. Supp. 3d 1165 (D. Or. 2016). The Court set a deadline for Plaintiff to file an amended complaint. Sched. Order, ECF 56.

On December 16, 2016, Plaintiff filed an amended complaint in which she asserts four claims: (1) breach of contract, enforceable through 29 U.S.C. § 1132(a)(1)(B); breach of fiduciary duty, enforceable through 29 U.S.C. § 1132(a)(3); (3) disgorgement, enforceable through 29 U.S.C. § 1132(a)(1)(B) and 1132(a)(3); and (4) attorneys' fees and costs, pursuant to 29 U.S.C. § 1132(g).

On January 25, 2017, Defendant concluded its administrative review and approved Plaintiff's disability claim under the "Any Occupation" standard. Def.'s Mot. Ex. A, ECF 68-1.

Defendant paid Plaintiff all benefits due, attorneys' fees and costs in full, and prejudgment interest. Def.'s Mot. Ex. B, ECF 68-2.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support

his claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendant moves for summary judgment and to terminate this lawsuit. Defendant argues that, once it approved Plaintiff's disability claim under the "Any Occupation" standard, Plaintiff received all of the relief she sought in her breach of contract claim, under 29 U.S.C. § 1132(a)(1)(B), and that further equitable relief under 29 U.S.C. § 1132(a)(3) is not permissible. Defendant argues that Plaintiff seeks a double recovery. Plaintiff contends that she is entitled to seek § 1132(a)(3) relief, notwithstanding the fact that Defendant has approved her long-term disability benefits and has paid her disability benefits, prejudgment interest, and attorneys' fees and costs. According to Plaintiff, the equitable relief she seeks under her breach of fiduciary duty and disgorgement claims is additional, not duplicative, relief. The Court agrees with Defendant and grants summary judgment in its favor.

Under 29 U.S.C. § 1132(a)(1)(B), a participant or beneficiary of an insurance plan governed by ERISA may bring suit to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Under 29 U.S.C. § 1132(a)(3), a participant, beneficiary, or fiduciary may bring suit to enjoin any act or practice that violates ERISA or the terms of the plan, or to obtain other appropriate equitable relief to either redress those violations or enforce any provisions of ERISA or the plan. Such equitable relief can include "make whole relief" in certain circumstances. *See, e.g., CIGNA Corp. v. Amara*, 563 U.S. 421, 440–42 (2011) (finding "make whole relief" potentially available under § 1132(a)(3) based on circumstances resembling fraud). However, § 1132(a)(3) functions "as a safety net, offering appropriate equitable relief for injuries

caused by violations that [§ 1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). As the Supreme Court explained in *Varity*, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id.* at 515 (internal quotation marks omitted).

In 2016, the Ninth Circuit adopted the Eighth Circuit's position that a plaintiff can plead § 1132(a)(1)(B) and § 1132(a)(3) claims as alternative theories of liability. *Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 961 (2016) (agreeing with the Eighth Circuit's application of the Supreme Court's *Amara* decision). However, the Court made clear that, while a plaintiff may *plead* these alternative theories, a plaintiff is prohibited from "duplicate *recoveries* when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)." *Id.* "This approach . . . allows plaintiff to plead alternate theories of relief without obtaining double recoveries." *Id.*

The Ninth Circuit also cited a Sixth Circuit case with approval. *Id.* (citing *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364 (6th Cir. 2015)). In *Rochow*, the Court found that the plaintiff's "injury was remedied when he was awarded the wrongfully denied benefits and attorney's fees." *Rochow*, 780 F.3d at 375. Thus, the plaintiff could not pursue a breach of fiduciary duty claim under § 1132(a)(3), because the injury from the breach of fiduciary duty claim was not "based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." *Id.* at 372. In other words, a § 1132(a)(3) claim for equitable relief must be more than "a repackaged claim for benefits wrongfully denied." *Id.* at 375.

Here, Plaintiff's injury was the denial of benefits by Defendant. Plaintiff was forced to reopen her case and file an amended complaint because Defendant failed to render a decision on Plaintiff's long-term disability claim within 45 days of this Court's remand. In the amended complaint, Plaintiff's breach of contract claim pursuant to § 1132(a)(1)(B) sought "her past disability income benefits, to receive reinstatement for payment of her disability income benefits, to obtain declaratory relief, and to recover interest." Compl. ¶ 24. It is undisputed that Plaintiff has now received all benefits due, her attorneys' fees and costs, and prejudgment interest.[1] Thus, Plaintiff's breach of contract claim is moot. Now that Plaintiff's § 1132(a)(1)(B) claim has been resolved, the parties dispute whether Plaintiff can proceed with her breach of fiduciary duty and disgorgement claims or whether these are merely "repackaged claims for benefits wrongfully denied." *See Rochow*, 780 F.3d at 375.

Plaintiff approaches Defendant's motion as if it were a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Therefore, Plaintiff argues that her amended complaint comports with *Amara* and *Moyle* because she is allowed to plead alternate theories of relief. The cases Plaintiff cites reinforce the proposition that she can simultaneously state claims for breach of contract under § 1132(a)(1)(B) and breach of fiduciary duty and disgorgement under § 1132(a)(3). *See, e.g. Pearson v. Wellmark, Inc.*, No. 4:15-CV-3164, 2017 WL 2371142, at *4 (D. Neb. May 31, 2017) (denying motion to dismiss because the amended complaint did not seek duplicative recovery for the same injury); *McGlasson v. Long Term Disability Coverage for All Active Full-Time & Part-Time Employees,* 161 F. Supp. 3d 836, 846 (D. Ariz. 2016) (denying a motion to dismiss); *Faltermeier v. Aetna Life Ins. Co.*, No. 15-CV-2255-JAR-TJJ, 2015 WL

---

[1] Plaintiff argues that Defendant "remitted interest calculated at a rate it determined and not at the rate sought by [Plaintiff]." Pl.'s Resp. 6, ECF 70. However Plaintiff fails to offer any evidence that a higher rate than what this Court awarded in a previous Opinion & Order is warranted. *See* Judgment, ECF 43 (awarding pre-judgment interest at the rate prescribed by 28 U.S.C. § 1961); Def.'s Mot. Ex. A, ECF 68-1.

7 – OPINION & ORDER

3440479, at *3 (D. Kan. May 28, 2015) (allowing plaintiff to assert alternate theories of relief where § 1132(a)(1)(B) relief may not be available).

Defendant's motion, however, is clearly one for summary judgment. *See* Def.'s Mot. 3 (requesting an order pursuant to Federal Rule of Civil Procedure 56(a)); Def.'s Mot. 11 (requesting dismissal of Plaintiff's claims "as a matter of law" and citing to cases at the summary judgment stage). Therefore, the cases Plaintiff cites regarding pleading standards are inapposite. As a matter of law, now that Plaintiff's § 1132(a)(1)(B) has been resolved, Plaintiff cannot proceed with § 1132(a)(3) breach of fiduciary duty and disgorgement claims unless such claims stem from an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § 1132(a)(1)(B) is otherwise shown to be inadequate. Plaintiff fails to make such a showing.

Plaintiff's amended complaint alleges that Defendant failed to provide her with benefits she was due. In addition, she alleges numerous ways in which Defendant failed to comply with her requests, Department of Labor regulations, ERISA claim regulations, and Policy terms. However, she only alleges one injury: the failure to pay her benefits. Therefore, now that Defendant has remedied that injury, there is no remaining avenue for Plaintiff to proceed on her § 1132(a)(3) claims. *See, e.g., Rochow*, 780 F.3d at 375 ("Despite Rochow's attempts to obtain equitable relief by repackaging the wrongful denial of benefits claim as a breach-of-fiduciary-duty claim, there is but one remediable injury and it is properly and adequately remedied under § 502(a)(1)(B)").

Plaintiff includes in a footnote in her Response a request: "To the extent the Court construes Standard's motion as one for summary judgment, Ms. Robertson requests leave to file an appropriate Rule 56(d) affidavit outlining her discovery needs." Pl.'s Resp. 9 fn. 3, ECF 70.

However, no discovery is necessary for this Court to determine that the resolution of Plaintiff's § 1132(a)(1)(B) claim adequately remedied the denial of Plaintiff's benefits. Therefore, as several courts have ruled in other cases brought by Plaintiff's attorney, summary judgment without discovery is not premature. *See, e.g., Blackwell v. Liberty Life Assurance Co. of Boston*, No. 3:15-CV-376-DJH, 2017 WL 927239, at *1 (W.D. Ky. Mar. 8, 2017) (denying discovery as unnecessary to make the determination that § 1132(a)(1)(B) can adequately remedy a denial of benefits); *Milby v. Liberty Life Assurance Co. of Boston,* No. 313CV00487CRSCHL, 2016 WL 6699281, at *3 (W.D. Ky. Nov. 14, 2016) (same).

## CONCLUSION

Defendant's Motion for Entry of a Final Order Terminating the Lawsuit [68] is granted. The Court grants summary judgment to Defendant. Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this \_\_3\_\_ day of \_\_August\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge